Lilla Comer Train v. Commissioner.
Lilla Comer Train v. Commissioner
Docket No. 2392.
United States Tax Court
1950 Tax Ct. Memo LEXIS 204; 9 T.C.M. (CCH) 387; T.C.M. (RIA) 50115; April 28, 1950
*204 J. C. Peacock, Esq., and M. H. Barnes, C.P.A., 15 Drayton St., Savannah, Ga., for the petitioner. Newman A. Townsend, Jr., Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $1,036.10 for 1940 and one of $5,541.79 for 1941 in the income tax of the petitioner. The petitioner alleged that the Commissioner erred by increasing the petitioner's income for 1941 from the Lilla Comer Train Trust under the will of H. M. Comer by $7,434.40, representing a dividend from the Chattahoochee and Gulf Railroad Company. One of the adjustments which the Commissioner made to the petitioner's income for 1941 was to increase it by $7,434.40 which he described as a dividend of Chattahoochee and Gulf Railroad Company omitted from the return. He further explained that $19.260115 per share of the distribution received during the year represented a taxable dividend because the corporation had earned surplus, accrued subsequent to February 28, 1913, equal to that amount per share available for distribution. The parties filed a lengthy stipulation of facts. The Court directed the petitioner to file her brief *205 within 45 days after the date of the hearing, the Commissioner to file his within 30 days thereafter, and the petitioner then to reply within 15 days. The petitioner filed her brief on May 5, 1949 and it was served upon the Commissioner. The Commissioner was granted extensions but finally notified the Court that he had decided not to file a brief. The stipulated facts are hereby adopted as the findings of fact. [The Facts] The petitioner contends that she never received the amount here in controversy and was not entitled to receive it. She was the life beneficiary of a testamentary trust established by the will of her father. She claims that the distribution here in question was in partial liquidation of the corporation and was neither an ordinary dividend nor essentially equivalent to a taxable dividend, and it is immaterial that the corporation may have had some earnings or profits accumulated since February 28, 1913. She says further that the distribution was a return of capital to the trust and no part of it was to be distribted currently by the trustee to her as the life beneficiary. She concludes that there is no legal justification for the Commissioner's determination. *206 [Opinion] The Commissioner made no oral argument and, after having stipulated the facts and read the petitioner's brief, decided there was no argument which he would care to make in opposition. He notified the Court of his decision. Thus, the contention of the petitioner now stands unopposed and the Court need only close the case. The petitioner's ultimate contention, that the $7,434.40 does not represent income taxable to her in 1941, finds prima facie support in the stipulated facts and decision may be entered in her favor on that point. Reviewed by the Court. Decision will be entered under Rule 50.